ALD-234                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1453
_____

FRANK RIVERA,
                            Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JEFFREY BEARD,
Secretary of Corrections; LOUIS S. FOLINO, Superintendent; DAN DAVIS,
Grievance Coordinator; DORENA VARNER, Chief Grievance Officer; DIANE
THOMAS, Superintendent Assistant; MAJOR GRAINEY; CAPTAIN WALKER,
RHU Captain; ROBERT L. KENNEDY, RHU Lieutenant; MS. BALESTRIERI,
Counselor; MS. NICKOLAS, Counselor; DR. KHAN, Psychiatrist; DR. EUGENE
POLMULLER, Psychiatrist Supervisor; JOHN MCANANY, Registered Nurse
Supervisor; JOHN/JANE DOES

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-cv-01009)
Magistrate Judge:  Honorable Cathy Bissoon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 1, 2010
Before:   SLOVITER, AMBRO AND SMITH, Circuit Judges

(filed: July 19, 2010)
_____

OPINION
_____

1

PER CURIAM

Appellant Frank Rivera, proceeding pro se, appeals from the judgment of the United States District Court for the Western District of Pennsylvania entered on January 22, 2010, granting the appellees' motions to dismiss. For the reasons stated herein, we will summarily affirm the judgment of the District Court.

In August 2009, Rivera filed a complaint against the Pennsylvania Department of Corrections, several prison officials, and the prison's psychiatrists, raising claims under 42 U.S.C. § 1983 for First, Eighth, and Fourteenth Amendment violations. Rivera is an inmate confined in the Restricted Housing Unit (RHU) at the SCI-Greene prison. Rivera complained that as a direct result of the excessive and incessant noise created by the officers slamming doors every time they exit the housing pod after security rounds, he is awakened from sleep every thirty minutes. He alleged that such "inhumane" conditions have deprived him of adequate sleep and, that as a consequence, he has suffered from adverse effects on his health such as stress, anxiety, fatigue and depression.

In an attempt to resolve the problem, Rivera verbally complained to the prison guards, his counselor, and his psychiatrist on several occasions. He also filed several written complaints to various prison officials. When his complaints failed to produce any results, he timely filed Grievance #206769 on November 2, 2007. However, the grievance was rejected by the Facility Grievance Coordinator because it exceeded the two-page limit. Rather than amend the grievance to comply with the procedural requirements outlined in DC-

2

ADM 804, Rivera filed an appeal. Rivera received a response from the Secretary's Office of Inmate Grievances and Appeals, notifying him that his appeal was filed without action because his initial grievance failed to comply with the two-page limit. In response to the denial of his appeal, Rivera filed the instant action seeking a declaratory judgment: 1) enjoining the defendants from creating excessive noise; and 2) enjoining defendants Beard, Folino, and the Department of Corrections from enforcing certain policies outlined in the Department of Corrections handbook.

The Department of Corrections defendants filed a motion to dismiss arguing that Rivera failed to exhaust administrative remedies, among other secondary arguments. Defendants Mohammad Khan and Eugene Polmueller, psychiatrists employed by the Department of Corrections, joined the motion to dismiss, and separately filed their own motion to dismiss, arguing that Rivera failed to state a claim against them. The District Court granted both motions to dismiss, holding that Rivera had failed to exhaust his administrative remedies. Rivera filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because this appeal presents no "substantial question," we will summarily affirm the District Court's order. 3d Cir. LAR 27.4 & I.O.P. 10.6.

An inmate must exhaust his administrative remedies prior to filing a civil action in federal court. See Booth v. Churner, 532 U.S. 731, 738-39 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (finding that exhaustion must occur before filing suit).

3

Furthermore, courts do not recognize a "futility" exception to the administrative exhaustion requirement. See Nyhuis, 204 F.3d at 78. More importantly, "proper exhaustion" requires a prisoner to comply with an agency's deadlines and other critical procedural rules. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). While a prisoner must comply with prison procedures, "compliance with the administrative remedy scheme will be satisfactory if it is substantial." See Nyhuis, 204 F.3d at 77-78.

Applying these legal holdings, the District Court held that Rivera failed to exhaust his administrative remedies for the following reasons: 1) his failure to even attempt to comply with the two-page limitation was a sufficient basis for determining that he failed to "substantially comply" with the legitimate administrative appeals process; and 2) his argument that his constitutional rights were violated by the enforcement of the procedural requirement is without merit. Because we agree that he failed to properly exhaust administrative remedies, we cannot reach the merits of his excessive noise claim at this time.

Additionally, Rivera asserted that the two-page procedural requirement itself violated his First Amendment rights and that excluding "conditions of confinement" from being reported as abuse also violated his constitutional rights. These constitutional claims are without merit. See Woodford, 548 U.S. at 95; Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 129-31 (1977).

Accordingly, we will summarily affirm the decision of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

4